Osborn vs. Herron.

## OSBORN vs. HERRON.

A sells to B the privilege of making and vending a patented washing machine, in three counties, for which he takes three notes of $100 each, with the agreement that if these machines had been previously sold in these counties, that the vendor should give up the notes. *Held*, That upon satisfactory proof, that these machines had been manufactured and sold in one of the three counties, the notes were void.

Assumpsit, in Greene Superior Court. Tried before Judge HARDEMAN, at March Term, 1859.

This was an action by Elijah Osborne against David Herron, on the following promissory note:

PENFIELD, September 16th, 1857.

$100. Six months after date I promise to pay to E. Osborne, or bearer, One Hundred Dollars, value received, with interest from date.

(Signed)  ·  D. HERRON.

The defence was, that the note was given, together with two other notes, each for the same amount, for the exclusive right to manufacture and sell, in the counties of Oglethorpe, Clarke and Jackson, a certain washing machine which plaintiff or his assignors had patented, and that the consideration had failed, in this, that said washing machine had been sold, and was in use, in some or

all of said counties.    And in support of this plea, defendant offered the following evidence :

*Francis Herron*, defendant's son, testified that he was present when his father gave to plaintiff three notes, the consideration of which was the right to sell washing machines in the counties of Clark, Jackson and Oglethorpe; plaintiff stated that there was no other agent in these counties, and that the machines had not been offered for sale in these counties.    Defendant said he would have the machines made in Athens.    Plaintiff said they had not been manufactured in Athens.    Does not know that the three notes were each for $100, nor when the notes were due.

*Virgil Herron*, son of defendant, testified that he was present when defendant gave the notes to plaintiff, one of which was the note sued on.    The notes were given for the right to sell washing machines in the counties of Jackson, Oglethorpe and Clarke.    Defendant said if the machines had been sold in these counties he would give up the notes.

*Lewis J. Lampkin*, examined by commission, deposed that he sold a washing machine, which he levied on as the property of Samson D. Bridgman, in Clarke county sale made in the town of Watkinsville, in the spring of 1857.    Don't recollect distinctly whose patent it was, but thinks it was Hollingsworth patent.    Knows of no machines of the kind having been sold in Jackson and Oglethorpe counties.    Bridgman offered to sell machines of the same kind frequently, in the town of Athens, previous to September, 1857.    Said machines did not give general satisfiaction.

*John Kirkpatrick*, examined by commission, swore that several washing machines, purporting to be Hollingsworth patent, were manufactured in Athens, in the county of Clarke, before September, 1857, and were offered for sale by S. D. Bridgman ; don't know of any being offered

for sale in Jackson or Oglethorpe counties; don't know how many were sold; witness bought one; the machines did not give satisfaction; never heard any one say they were pleased with them in Athens.

Defendant closed.

Plaintiff then proposed to prove, by Philip B. Robinson, his attorney-at-law, that a short time after said note, together with two other notes, all bearing the same date, was given by plaintiff, they were left with him for collection. That defendant called upon him and stated that the consideration of one of the notes had failed, and that upon complaint to plaintiff, he had directed him, the defendant, to call upon said Robinson and get one of said notes; that he delivered to defendant one of said notes, and defendant expressed himself satisfied with his contract as to the counties of Oglethorpe and Jackson, and that he would pay the note now in suit, and asked for time. Defendant's counsel objected to the competency of Robinson, on the ground that he was the attorney-at-law of plaintiff. The Court sustained the objection, and repelled the testimony, and counsel for plaintiff excepted.

Plaintiff then introduced and read in evidence one of said notes—the same given up by Robinson to defendant, and produced under notice.

The jury found for the defendant, and plaintiff moved for a new trial on the following grounds:

1st. Because the court refused to admit the testimony of Philip B. Robinson, the attorney-at-law of plaintiff in the case.

2d. Because the verdict is contrary to law.

3d. Because of newly discovered evidence material to plaintiff's case, and not known at the trial.

The Court overruled the motion for a new trial, and defendant excepted.

PHILIP B. ROBINSON, for plaintiff in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The Court was right in rejecting the testimony of Mr. Robinson in this case. The notes of Herron were put in his hands for collection. He does not state that he took and held as the agent, and not as the attorney-at-law of the payee. The presumption of law is, that he received them in the latter character. If so, it is clear that the conversation and transaction as to one of the notes, transpired while the relation of client and attorney subsisted between Osborne and the witness; and, we may add, grew out of his professional employment by the plaintiff. His evidence was, therefore, in letter and in spirit, obnoxious to the statute.

Apart from this proof, then, how stands the case? Herron gave Osborne his three notes, for $100 each, for the privilege of selling Hollingsworth's patented washing machine, in the three counties of Jackson, Clarke and Oglethorpe, with the understanding that if these counties had been pre-occupied, he would deliver up the notes. The testimony is abundant and uncontroverted, that Clarke, one of the counties, had been previously occupied by a man by the name of Bridgman. He manufactured the machines in Athens. John Kirkpatrick had bought one of them, and pronounced them not very good; and Lewis Lampkin had sold one or more of them at Watkinsville, as sheriff. By the agreement, then, the notes were void. One of the notes was found, at the trial, in the possession of Herron. Excluding the testimony of Robinson, it does not appear how he came by it. The presumption is he had paid it. I speak from the record as a Judge, not as a man. One of the notes is yet behind. Upon the principles of an equitable apportionment of the price, which, perhaps, does not apply to such a case, as the pur-

chaser has lost the benefit of the sale of his machines in Clarke, one of the three counties, the notes sued on should not be collected.

Judgment affirmed.